No. 04-0606

 In re Silica Products Liability Litigation

 On Review By The Multidistrict Litigation Panel

 Heard on October 13, 2004

 Justice Peeples delivered the opinion of the Multidistrict Litigation
Panel, in which Justice Hanks and Justice Lang joined.

 Justice Kidd filed a dissenting opinion.

 Justice Castillo not sitting.

 Since Rule 13 took effect last year, 453 plaintiffs have filed 71
lawsuits involving 158 defendants, alleging injurious exposure to silica.
The suits are pending in 55 district courts in 20 counties. Six defendants
in these cases have filed a motion asking this panel to appoint a pretrial
judge pursuant to Rule 13.[1] The motion is opposed by all the plaintiffs
and by 11 defendants. For the reasons stated in this opinion, a majority
of the panel has granted the motion and appointed a pretrial judge by
separate order issued this date.
 Rule 13 authorizes the panel to transfer civil actions that involve
one or more common questions of fact to a single pretrial judge if
(transfer would be for the convenience of the parties and witnesses and
would promote the just and efficient conduct of the cases.( Movants argue
that these cases present several common issues that will need uniform and
consistent treatment, such as discovery, venue and forum non conveniens,
the (sophisticated user( doctrine,[2] Robinson-Havner[3] challenges to
expert testimony, the sufficiency of warnings, and other issues concerning
common worksites, product identification, and the validity of the diagnosis
and screening process. Respondents reply that the cases are working their
way smoothly through the legal system with no inconsistent or conflicting
rulings at this point; they contend that Rule 13 requires the movants to
identify existing problems before the panel may assign a pretrial judge.
 Rule 13 seeks to promote the convenience of parties and witnesses and
to see that cases with common factual issues are handled in a just and
efficient manner. We now consider these goals, bearing in mind the
undisputed facts that 453 plaintiffs have filed 71 silica-related lawsuits
against a total of 158 defendants, now pending in 55 district courts
situated in 20 counties.
1. Convenience of parties and witnesses.
 Respondents point out that the movants have not shown that witnesses
or parties have already been inconvenienced, either by having to respond to
conflicting demands or otherwise. In effect respondents argue that Rule 13
requires the movants to show that there is an existing problem that needs
to be corrected. But Rule 13 is not limited to correcting ongoing problems
from the past; it seeks to prevent the occurrence of problems in the
future. It does not require proof that witnesses have already been
inconvenienced; it looks ahead and focuses on whether transferring cases to
a pretrial judge would serve the convenience of parties and witnesses by
preventing inconvenience in the future.
 We think it is undeniable that it is more convenient for witnesses and
parties who find themselves involved in several related cases to litigate
in one pretrial court instead of several. During the pretrial phase we are
confident that it will further the convenience of witnesses and parties to
be subject to one consistent set of orders instead of many.
 We conclude that granting the motion for transfer to a pretrial judge
will promote the convenience of the parties and the witnesses.
2. Just and efficient handling.
 Respondents argue that the cases are currently being handled
efficiently and without significant disagreement. But even if these cases
are currently moving smoothly because the lawyers have been agreeing on
pretrial issues, we see no reason why such agreeableness would cease when
the pretrial phase of the cases is handled by one judge instead of fifty-
five. If indeed the litigants who have been reaching agreements in
different courts around the state begin to set matters for hearing when the
cases come before the pretrial judge, that would seem to be a right that
the legal system gives them. Rather than viewing this as disagreeableness,
we view it as litigants choosing to present their contentions to the legal
system for decision. Agreed orders and judgments are certainly to be
desired, but litigants must also be able to submit their contentions to the
court for decision when they are unable to agree with the other parties.
 One virtue of transferring related cases to a single pretrial judge is
that issues, once raised, will be decided the same way in the future. A
consistent and steady judicial hand at the helm should in fact promote
agreements because lawyers will know where the court stands on recurring
issues. As contested issues arise, the pretrial judge will make consistent
rulings, which can then be reviewed by the appellate courts as appropriate.
 This, we think, serves Rule 13(s goal that our system give related cases
consistent and efficient treatment.
 Nor can we ignore what we as judges know from experience(that
sometimes it can be difficult for dedicated but busy trial judges to give
cases like these the deliberate, thoughtful, and focused pretrial attention
they deserve. It is also difficult to give them realistic trial settings,
and trial judges may be tempted to set cases for trial on dates before they
will be truly ready, knowing that many cases will settle under the pressure
of a trial setting. By contrast, to the pretrial judge these cases will
not be just one of many cases on a crowded docket competing for attention.
Because the pretrial judge will not return the cases to the trial courts
until they are ready for trial, we expect her to invest the necessary time
and study and to schedule hearings and decide issues in advance of trial.
 We conclude that granting the motion for a pretrial judge will promote
the just and efficient handling of these cases.
3. Common fact questions.
 Movants argue that there are common issues in these cases: discovery,
venue and forum non conveniens, the (sophisticated user( doctrine, Robinson-
Havner challenges to expert testimony, the sufficiency of warnings, and
other issues concerning common worksites, product identification, and the
validity of the diagnosis and screening process. There are of course many
common defendants and common products, all involving silica in some way.
Respondents reply that most of these are not really contested issues and
that individual issues predominate. Each personal injury case is indeed
different, especially as to causation and damages. Rule 13, however,
allows transfer to a pretrial judge when there are common fact issues, even
though in a given case the common issues might not outweigh the individual,
case-specific issues. We are confident that the pretrial judge will give
individual consideration to case-specific issues, while giving consistent,
uniform treatment to the common and recurring issues. We also note that
Rule 13 could not be limited to pure questions of historical fact; it
extends to mixed questions of law and fact, such as product defect
(including adequacy of warnings, and negligence), which our system calls
fact questions.[4] We note also that many of the 71 cases involving 453
plaintiffs have been considered sufficiently related to make proper the
joinder of multiple plaintiffs in one suit, and that one reason the same
lawyers appear repeatedly on both sides of these cases is that the cases
have many mixed questions of law and fact in common.
4. Other issues.
 Respondents (and the dissent) stress that the six movants are a small
minority of the parties in these cases. It is true that most of the
defendants have not taken sides on this motion. Six have moved for a
pretrial judge; eleven have opposed that motion; the other 141 have
remained on the sidelines. But we cannot accept the suggestion that legal
rights depend upon the number of litigants who assert them. Rule 13 says
that (a party( may move for pretrial transfer. (And of course (a party(
may oppose pretrial transfer.) Rule 13(s focus on the rights of the
individual party is consistent with our legal system(s belief that in multi-
party cases rights inhere in individuals, not groups or coalitions of
parties. When one lone litigant in a multi-party case makes an objection
or asks for trial by jury, for example, the court does not ask for a show
of hands. The same thing is true of Rule 13 motions.
 Two other arguments made by the dissenting opinion deserve mention.
First, the dissent argues that it will be inconvenient for lawyers to
travel to Houston for pretrial hearings instead of appearing in the county
of venue. This argument is not persuasive because most of the lawyers
opposing the Rule 13 motion will have less distance to travel than before
the motion was granted. Several movants are in Houston, where the pretrial
judge sits. Most of the others are situated a significant distance from
the county of venue and will have a comparable trip (or shorter) to the
pretrial court in Houston.[5] Second, while the pretrial judge(s workload
will indeed increase, we are puzzled that the dissent stresses this as a
reason not to assign her the cases because their argument is, in effect,
that there is no real workload. The respondents and the dissent have
argued primarily that these cases do not add to the judges( current
workload because the litigants have been agreeing on most matters. We see
no reason why lawyers who have been agreeing cannot continue to agree when
the cases are pending before the pretrial judge. We have been given no
reason why lawyers would agree in cases pending before 55 different courts
but not when the same cases are handled pretrial by one judge. To the
extent that the pretrial judge(s workload does increase, that would seem to
be more than offset by the decreased workload the other 55 judges will
collectively enjoy.
 * * * * *
 For the reasons stated, we conclude that transfer of these cases to a
pretrial judge will serve the convenience of the parties and the witnesses,
and will promote their just and efficient handling. The motion to transfer
the silica cases to a pretrial judge is granted.

 ________________________________
 David Peeples, Justice

OPINION DELIVERED: November 10, 2004
-----------------------
 [1] Tex. R. Jud. Admin. 13, reprinted in Tex. Gov(t Code Ann., tit.
2, subtit. F app. (West Supp. 2004-05).

 [2] See Humble Sand & Gravel, Inc. v. Gomez, 47 Tex. S. Ct. J. 1214
(Sept. 17, 2004).

 [3] E.I. Du Pont de Nemours & Co. v. Robinson, 923 S.W.2d 549 (Tex.
1995); Merrell Dow Pharmaceuticals, Inc. v. Havner, 953 S.W.2d 706 (Tex.
1997).

 [4] The model instructions to jurors found in rule 226a refer to the
fact questions the jury will decide. Section I: (Your duty will be to
decide the disputed facts.( Section II: (It is your duty to listen to and
consider the evidence and to determine fact issues later submitted to you
. . . .( Section III: (This case is submitted to you by asking questions
about the facts, which you must decide from the evidence you have heard in
this trial.( See Tex. R. Civ. P.226a (emphasis added) . These are
references to the broad-form questions of mixed law and fact that jurors
are routinely asked, see Tex. R. Civ. P. 271-279, and there can be no doubt
that Rule 13 uses the term (common issues of fact( in this sense to include
common questions of mixed law and fact.

 [5] By our reckoning, a clear majority of the cases are being
handled by lawyers from cities quite far removed from the county of venue.
These include lawyers from Dallas handling cases in Brownsville, Austin, El
Paso, Galveston, Brazoria, Beaumont, and Corpus Christi; lawyers from
Houston handling cases in Tyler, Midland, Galveston, and Orange; lawyers
from Port Arthur handling cases in Odessa, Corpus Christi, and Brownsville;
and lawyers from Henderson handling cases in Victoria, Richmond, Port
Lavaca, and Wharton. We do not say that these lawyers should prefer the
easier or comparable trip to Houston; after all they have exercised their
right to oppose the Rule 13 motion. We note only that the dissent is
mistaken in arguing that traveling to hearings in Houston will be
significantly more inconvenient for many of the lawyers in these cases.